PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. CAREY, ) | |
| ) | CASE NO. 1:14 MC 006 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** [Regarding ECF No. 1] |

*Pro se* Petitioner Kevin D. Carey filed this action seeking a declaratory judgment "in admiralty" against the Internal Revenue Service ("IRS"). ECF No. 1. In the Petition, Carey alleges he presented various Demands and Notices of Default to the IRS. He contends the IRS failed to respond to his documents, and he therefore is no longer required to file income taxes. He asks the Court to issue an Order declaring him to be a non-tax-paying citizen.

## I. Background

Carey filed this action seeking a declaratory judgment against the IRS under admiralty law. He contends "all revenue tax cases are done through the admiralty." ECF No. 1 at 1. He states that the "original contract between [himself] and [the IRS] was not transparent and was without full disclosure as required under Regulation Z, Truth in Lending Act, 12 CFR 226." ECF No. 1 at 2. He contends he offered to settle "this dispute" with the IRS through procedures set out in the Administrative Procedures Act. Specifically, Carey claims he sent a "Notice of Private International Remedy and Demand" to the IRS requesting the agency prove he is required to pay taxes. ECF No.

(1:14mc006)

1 at 2. He states he received no response from the IRS, and claims silence in the face of an offer constitutes acceptance. ECF No. 1 at 3. He followed this document with a "Notice of Fault and Opportunity to Cure," a "Notice of Default/Consent to Judgment," a "Notice of Dishonor," and a "Certificate of Dishonor and Notice of Administrative Judgment." ECF No. 1 at 3-4. He asks the Court to declare he is a "non-tax-payer," and order the IRS to cancel any existing tax liability and refrain from collecting future taxes from him. ECF No. 1 at 4.

## II. Standard for Dismissal

While *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). As described below, the claims asserted in this action satisfy these criteria.

## III. Law and Analysis

### A. Admiralty Jurisdiction

As an initial matter, Carey's invocation of admiralty jurisdiction is legally and factually frivolous. Admiralty jurisdiction requires a connection to navigable waters. Kossick v. United Fruit Co., 365 U.S. 731, 736 (1961). Carey is currently a resident of Olmsted Falls, Ohio. While Olmsted Falls may be close, although not adjacent, to Lake Erie, Carey's payment of income taxes is completely devoid of any association with torts on navigable waters. Contrary to his assertion, tax

(1:14mc006)

revenue cases are not done through admiralty. Admiralty jurisdiction is not applicable.

### B. Tax Anti-Injunction Act

Furthermore, the Court lacks subject matter jurisdiction to enjoin the IRS from collecting taxes from Carey. The Tax Anti–Injunction Act provides that, except for certain lawsuits authorized elsewhere in the Internal Revenue Code, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). This is precisely what Carey seeks to do. He mailed various documents to the IRS claiming he does not consider himself to be a taxpayer. Because the IRS did respond to dispute his rhetoric, he claims they are in default and asks the Court to order the IRS to cease efforts to collect past and future taxes. This is in essence a request for an injunction, and the Court lacks subject matter jurisdiction under the Tax Anti-injunction Act to issue such an order. *See id*.

In addition, Carey cannot find an escape hatch from the Tax Anti-Injunction Act by raising his request as one for declarative relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. That statute authorizes the courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id*. at § 2201(a). The statutory authorization, however, by its own terms carves out an exception "with respect to Federal taxes." *Id*. Because "the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti–Injunction Act," Carey cannot use the former statute to circumvent the latter. *Bob Jones University v. Simon*, 416 U.S. 725, 732 n. 7 (1974)

3

(1:14mc006)

## IV. Conclusion

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| June 20, 2014 | /s/Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |